## GIONELLA v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 21, 1905.)

CARRIERS—ACTIONS—WEIGHT OF EVIDENCE.

In an action against a street railway for injuries to a passenger, caused by the premature starting of the car while the passenger was attempting to board it, a verdict for plaintiff *held* against the weight of the evidence.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1313.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Giovanni Gionella against the New York City Railway

Company.   From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

William E. Weaver, for appellant.

Thomas J. O'Neill, for respondent.

BISCHOFF, J.   An examination of the record compels the conclusion that the verdict was rendered without due regard to the cogency of the proof and that the jury could not have based their finding upon the greater weight of evidence.   The asserted negligence of the defendant was in the premature starting of the car while the plaintiff was attempting to board it, and the plaintiff testified that the car had come to a stop at the signal of his friend Poretti, who boarded it before him.   Poretti also stated that he had preceded the plaintiff and had boarded the car; but, having gone on to testify that, when the plaintiff fell, he (the witness) ran after the car for two blocks, he found it proper to explain that he had not boarded it at all.   Poretti's testimony as a corroborating witness was certainly not impressive to say the least, and the plaintiff's account of the position of the car, in relation to the elevated railway pillars, at the time of his fall, is quite inconsistent with his statement, somewhat obscurely framed, that he fell because of the starting of the car.

Two totally disinterested witnesses corroborated four employés of the defendant in their testimony to the effect that the plaintiff had safely taken passage, but thereafter tried to change his seat, and came in contact with a pillar of the elevated railway when walking on the running board of the car; thus being caused to lose his balance.   In this account, it may be noted, plaintiff's witness Poretti appeared to agree when stating the actual cause of the plaintiff's fall.   Unless the jury attempted to hold the defendant upon some ground of negligence inconsistent with the pleadings, the charge of the court, and the general theory of the trial, it is clear that they failed to give due weight to the evidence before them, and substantial justice calls for a new trial.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.